GANDÍA, RESPONDENT, v. PIZÁ HERMANOS, LIMITED, APPELLANTS.

APPEAL from the District Court of San Juan, Section 1.

No. 875.—Decided January 23, 1913.

ERRORS—APPEAL.—Fundamental errors may be pleaded for the first time on appeal.

ATTORNEY'S FEES—ERRORS—APPEAL.—The plea that a party is not obliged to pay attorney's fees because he was not expressly adjudged to pay the same may be entered for the first time on appeal although his plea in the trial court was merely that they were excessive.

ATTORNEY'S FEES—COSTS.—In order that a party may be required to pay attorney's fees as a part of the costs, it is necessary that he be expressly ordered by the judgment to pay such fees.

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellants.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Judgment having been rendered by the District Court of San Juan, Section 1, adjudging the defendants, Pizá Herma-

nos, Limited, to pay to Ricardo A. Gandía Caldentey a certain sum of money and the costs, the latter filed the following bill of costs:

| | |
|---|---:|
| Fees of secretary | $14. 85 |
| Fees of witnesses | 10. 65 |
| Subpoenaing witnesses | 12. 00 |
| Fees and traveling expenses of experts | 85. 00 |
| Notarial fees on documents exhibited | 18. 00 |
| Stenographic record | 24. 00 |
| Attorney's fees | 1, 500. 00 |
| Total | $1, 664. 50 |

The firm against whom the costs were taxed asked for a new trial and the motion being denied with costs against them the plaintiff filed another memorandum of costs containing the following items:

| | |
|---|---:|
| Court fees according to its books | $1. 75 |
| Attorney's fees | 200. 00 |
| Total | $201. 75 |

Pizá Hermanos, Limited, filed objections to both bills; as regards the first, on the grounds that they should not pay the items for experts' fees and traveling expenses, because there is no proof that such expert testimony was introduced during the trial, and they objected to the item for attorney's fees as excessive, asking the court that it be reduced to $600.

The objection to the second memorandum of costs was only to the item for attorney's fees, they alleging that inasmuch as they had not acted with temerity or malice in asking for a new trial the costs should not have been taxed against them, and on the further ground that the amount of $200 is excessive.

In an order dated March 9, 1912, the district court allowed the entire second memorandum of costs and reduced the amount of the first one to $1,500, thus reducing the charge therein made for attorney's fees. An appeal from this order was taken by Pizá Hermanos, Limited, which appeal is now before us.

The defendants and appellants who in the court below objected to the two items for attorney's fees included in the bills of costs because they were excessive, thus not only impliedly admitting their liability for some sum, but also asking in their petition that said item be reduced to $600 in the first memorandum, now maintain in this court for the first time in their assignment of errors that they should not be compelled to pay anything for attorney's fees because they were adjudged to pay only the costs and these do not include such items.

In regard to this new objection by the defendants and appellants the respondent, Ricardo Gandía Caldentey, alleges that this point not having been raised in the court below it cannot be raised for the first time on appeal and cites in support of this contention the decisions rendered in *Felíu* v. *Narváez*, 12 P. R. R., 131, and *Torres* v. *Lothrop, Luce & Co. et al.*, 16 P. R. R., 172.

Therefore, the first question to be decided by us is whether or not an objection raised in this court for the first time can be considered and determined.

This court will consider and determine any error or objection alleged or raised for the first time on appeal even though it has not been raised in the court below when the same is fundamental and will refuse to consider such new questions only where, as in the cases cited by the respondent, they are not pertinent to the issue but are of such character that they could have been raised on demurrer to cure defects in the complaint and may be considered to have been waived owing to failure to raise them at the proper time. But where the objection raised is such that upon verification it is found

that no cause of action exists, as is the case here where the defendants and appellants contend that the attorney's fees should not have been taxed against them, then the objection is equivalent to a demurrer for lack of cause of action, which, being a privileged question, may be raised at any time and even for the first time on appeal as this court has held repeatedly.

Therefore, we are in a position to consider this error assigned by the defendants and appellants.

In view of the fact that the judgment rendered against the appellants was for costs only and does not specify that they should pay attorney's fees they are not obliged to pay them, as this court has held in *Veve* v. *Municipality of Fajardo,* 18 P. R. R., 738, where that question was amply treated and explained, our conclusion being that although in suits the subject matter of which exceeds $500 the attorney's fees of the adverse party may be taxed against the party against whom judgment is rendered, their payment may be demanded only when the court expressly so decrees, the mere award of costs being insufficient to include attorney's fees. Therefore, the item for $1,500 in the first memorandum and that for $200 in the second for attorney's fees should not be paid by the defendants, Pizá Hermanos, Limited.

The other item objected to in the first memorandum of costs was that of $85 for expert's fees and traveling expenses, and although the appellants maintain that no such expert testimony was taken during the trial, yet since the record of the case where the bill of costs originated and the statement of the case were presented in the court below for the purpose of opposing that objection and said documents have not been included in the transcript of the record now before us, we must accept the conclusion reached by the judge of the lower court to the effect that said expert testimony was in fact taken and should be paid for.

For the foregoing reasons the decree of the lower court

approving the memorandum of costs should be affirmed with
the exception of the two items for attorney's fees, as to which
it should be reversed.

*Decided accordingly.*

Mr. Chief Justice Hernández and Justices MacLeary,
Wolf and del Toro concurred.